## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**

**Plaintiff,**

vs.

**MATTHEW JAMES NEWINGHAM**

**Defendant.**

**CASE NUMBER: 8:14CR189-001**

**USM Number: 07910-030**

**DAVID R. STICKMAN**
**DEFENDANT'S ATTORNEY**

## JUDGMENT IN A CRIMINAL CASE
(For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to violation of Standard Condition #7 of the term of supervision.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense:

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Drug/Alcohol Use | July 8, 2014 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Allegations 2-8 of the Petition (Filing No. 10) are dismissed on the motion of the United States as to this defendant only.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within fourteen (14) days of this date pursuant to Fed. R. App. P. 4.

The defendant shall cooperate in the collection of DNA, pursuant to Public Law 108-405 (Revised DNA Collection Requirements under the Justice for All Act of 2004).

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
 June 12, 2015

s/ Joseph F. Bataillon
Senior United States District Judge

June 12, 2015

### ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this ____ day of _____, 20___.

_____
Signature of Defendant

### RETURN

It is hereby acknowledged that the defendant was delivered on the ___ day of _____, 20_____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

BY: _____

**NOTE:  The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

### CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this ____ day of _____, 20_____.

_____
UNITED STATES WARDEN

BY: _____

## SUPERVISED RELEASE

The defendant shall be on supervised release for a term of **five (5) years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.      The defendant shall not leave the judicial district without the permission of the court or probation officer;
2.      The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3.      The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.      The defendant shall support his or her dependents and meet other family responsibilities;
5.      The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.      The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7.      The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.      The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.      The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10.     The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11.    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12.    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1.    The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to 28 C.F.R. § 28.12, the DNA Fingerprint Act of 2005, and the Adam Walsh Child Protection and Safety Act of 2006, if such sample was not collected during imprisonment.

2.    You shall work only at employment approved by the U. S. Probation Office. You shall consult the U. S. Probation Office prior to any changes in employment. You shall not terminate any employment without prior approval from the U. S. Probation Office.

3.    You shall participate in mental health treatment, including compliance with any medical regimen recommended by treatment personnel, as directed by the Probation Office.

4.    You shall participate in and follow the rules of sex offender treatment as directed by the Probation Office, and shall submit to clinical polygraph testing whenever so directed by the Probation Office. You shall contribute to or pay the entire cost of sex offender treatment and/or polygraph testing in an amount to be determined by the Probation Office, based on your ability to pay. Sex offender assessments and treatment shall be conducted by therapists and polygraph examiners approved by the Probation Office, who shall release all reports to the Probation Office. Any results of a polygraph examination would not be used for the purpose of revocation of Supervised Release. Polygraph results will be reported by the Probation Office to appropriate treatment personnel. If disclosure is required by mandatory reporting child abuse or child sexual abuse laws, polygraph results will be reported to appropriate law enforcement and related agencies with the approval of the Court. If polygraph results reveal possible new criminal behavior this will be reported to the appropriate law enforcement and related agencies after obtaining approval from the Court.

5.    You shall sign releases of information to allow all professionals and law enforcement officials involved in assessment, treatment, and behavioral monitoring of the offender to communicate and share documentation with each other.

6.    You shall comply with all sex offender laws for the state in which you reside.

7.    You shall not view or possess any form of pornography, sexually stimulating or sexually oriented material including books, videos, magazines, cut-outs or pornography of any kind as deemed inappropriate by the probation officer and/or treatment staff. You shall not enter any location where pornography or erotica are the primary products for purchase or viewing. You shall not enter any location where the primary function is to provide adult entertainment.

8.      You shall obtain residences as approved by the U.S. Probation Office.

9.      You shall not utilize any sex-related adult telephone services, websites or electronic
        bulletin boards. You will submit any records requested by the probation officer to verify
        your compliance with this condition.

10.     In order to verify your compliance with your conditions of supervision, you shall provide
        the probation officer access to any financial records including income tax returns, credit
        card statements, phone bills, and checking/savings accounts. You shall refrain from
        associating with anyone engaged in the exploitation of minors, known or unknown to
        local or federal law enforcement.

11.     You shall not have contact with any child under the age of 18 unless accompanied by a
        responsible adult who is aware of your conviction and supervision status, and who has
        been approved in advance by the Probation Office. Contact includes, but is not limited
        to, physical contact, verbal communication, written communication, and/or electric
        communication such as e-mail. Contact also includes congregating and/or loitering
        around school yards, playgrounds, swimming pools, arcades, zoos, or other places
        frequented by children under the age of 18. Incidental contact that you might have in
        normal daily commercial life such as, but not limited to, making purchases of
        merchandise at a retail establishment, is permissible.

12.     You shall not have access to or possess a computer at home or elsewhere without the
        prior written approval of the U.S. Probation Office.

13.     You are not to possess or use a computer or any other device with a network card,
        modem and/or wireless card (commonly used to access the Internet and systems
        attached to the Internet) at any location (including employment), without the prior
        approval of the U.S. Probation Office. This includes any public or private computer
        network. You shall consent to third party disclosure to any employer or potential
        employer any computer related restrictions that are imposed upon you. You shall submit
        to a reasonable search of your property to ensure that you are in compliance with this
        condition.

        If approved to use a computer system by the U. S. Probation Office, you shall not use
        computer systems and/or similar devices with a network card, modem and/or wireless
        card (commonly used to access the Internet and systems attached to the Internet)
        hereafter known as 'Systems', in violation of conditions of supervision or in a criminal
        manner. You shall cooperate with the Probation Office's monitoring of compliance with
        this condition. Cooperation shall include identifying Systems you have access to, and
        allowing the installation of monitoring software/hardware. The Probation Office may
        access monitoring software/hardware at any time with or without suspicion that you have
        violated the conditions of supervision. You shall notify all persons having access to
        the Systems that they are subject to random inspections and monitoring. As directed by
        the Probation Office, you shall be required to pay the costs of Systems monitoring.

14.     You shall notify the Probation Office of any locations where you may receive mail or like
        matter. You shall not obtain a new mailing address, post office box or the facility of any
        private business for the delivery and receipt of like matter without the approval of the
        Probation Office.

15.     You may not obtain employment or volunteer where you would be supervising, working with or associating with persons under the age of 18, or where you would have access to on-line capabilities such as the 'Internet' unless approved in advance by the Probation Office.

16.     If you are not released through a community corrections center program while in the custody of the Bureau of Prisons, you shall reside, participate and follow the rules of a community corrections center program as directed by the Probation Office for up to 120 days. The community corrections center is authorized to allow you up to six hours of pass time per week, when you become eligible in accordance with the community corrections center standards.

17.     The defendant shall report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th Plaza, Suite C79, Omaha, Nebraska, (402) 661-7555, within seventy-two (72) hours of being placed on probation or release from confinement and, thereafter, as directed by the probation officer.

Defendant: MATTHEW JAMES NEWINGHAM                                            Page 7 of 7
Case Number: 8:14CR189-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $100.00 (paid in USDC-Iowa) | | |

## FINE

No fine imposed.

## RESTITUTION

No restitution imposed.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M.  LUCKS, CLERK

By _____Deputy Clerk

7